(27 Misc. Rep. 250.)

NEW YORK POLYCLINIC MEDICAL SCHOOL & HOSPITAL v. KING.

(Supreme Court, Trial Term, New York County. April 25, 1899.)

INJUNCTION—USE OF NAME—CONTRACTS.
Where, by an agreement for the publication of a monthly journal, plaintiff reserved the right to use the name, and to prohibit its use if defendant failed in his performance, on a breach by the latter plaintiff is entitled to injunctive relief.

Action by the New York Polyclinic Medical School & Hospital against Ferdinand King to enjoin the use of a name. Injunction granted.

Tracy, Boardman & Platt, for plaintiff.
Paul Jones, for defendant.

McADAM, J. The parties having elected to try this cause as one for equitable relief, it will be disposed of accordingly. The plaintiff's predecessor, the New York Polyclinic, entered into a contract with the defendant in December, 1892, whereby the defendant undertook, at his own expense, the publication of a monthly journal of progressive medicine and surgery, under the title of "The New York Polyclinic." By the agreement the right to the use of the name "New York Polyclinic" was to remain in the plaintiff's predecessor, and it reserved the right to prohibit the use of said name by the defendant in case he failed to carry out the terms of the agreement on his part, and the plaintiff succeeded to the right. The complaint alleges, and the answer admits, that said journal was to be published on the 15th of each month, and that at the time alleged in the complaint (September 29, 1898) neither the August nor September number had been issued. The fault in regard to the August number was owing exclusively to a dispute between the defendant and his printer, at Danbury, Conn., in consequence of which the printer would not furnish the work. This was matter with which the plaintiff had nothing to do, and for which the defendant is, in law, responsible. It is a settled rule that, where a party by his own contract absolutely engages to do an act, he is bound to make it good, notwithstanding any accident or other contingency not foreseen by, or within the control of, the party, unless this performance is rendered impossible by the act of God or of the law or of the obligee. Harmony v. Bingham, 12 N. Y. 99;

Tompkins v. Dudley, 25 N. Y. 272; Dexter v. Norton, 47 N. Y. 62; Wheeler v. Insurance Co., 82 N. Y. 543, 550; Lorillard v. Clyde, 142 N. Y. 456, 37 N. E. 489; Beebe v. Johnson, 19 Wend. 500. The plaintiff fully performed its part of the agreement, by furnishing 32 pages of editorial and literary matter for the August number, and the duty of bringing out the August number on time devolved upon the defendant, and he has in no legal manner excused its performance. It is common knowledge that the failure of a periodical to keep its numbers regularly before the public is death to the enterprise, and damaging to its good name. In consequence of this breach by the defendant, the plaintiff, by the terms of the agreement, has the right to prohibit the further use of the name "New York Polyclinic" by the defendant in connection with said journal.

The defendant claims that the right to injunctive relief does not attach until there has first been an independent adjudication that there has been a breach by the defendant. There is no merit in this contention. Hil. Inj. § 35. The right of injunctive relief depends, it is true, upon a breach by the defendant, and fails if there is none. But when the breach is once established, as it has been here, injunctive relief follows almost as of course. No other relief is adequate. While the damages resulting from the wrong may be large, they are of that peculiar character which are difficult, if not impossible, of legal ascertainment by proof, and the injury is not susceptible of being adequately compensated for in damages. The plaintiff's title to the name, and the right to control its use, are conceded; and the agreement under which the use was obtained by the defendant in express terms provides that in case of breach by him the further use may be prohibited, which means by process appropriate to that end (i. e. injunction); and the parties evidently had this in mind, and contemplated that in case of breach that remedy would be invoked. The defendant's counterclaim is without merit, fails with the breach, and must be dismissed. The plaintiff is entitled to the injunctive relief prayed for.